E-FILED
Friday, 27 January, 2006  03:47:05 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MARGARET J. COLLINS,                      )
                                          )
          Plaintiff,                      )
                                          )
vs.                                       )        No. 03-3159
                                          )
STATE OF ILLINOIS; ILLINOIS              )
SECRETARY OF STATE AND STATE             )
LIBRARIAN, JESSE WHITE; ILLINOIS         )
STATE LIBRARY; JEAN WILKINS,             )
Director of Illinois State Library,       )
Individually and Professionally;          )
KATHLEEN BLOOMBERG, Associate            )
Director of Illinois State Library,       )
Individually and Professionally; ILLINOIS )
FEDERATION OF TEACHERS; JEAN             )
REEDER; and GARY LEACH,                  )
                                          )
          Defendants.                     )

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the motion of the State Defendants

to strike and/or dismiss the Plaintiff's second amended complaint.  Pending

also is the Union Defendants' motion to dismiss.

1

# I. BACKGROUND

Plaintiff Margaret Collins is an African-American employee of Defendant Illinois State Library, which is a Department of the Secretary of State. The Plaintiff has been employed by the library in Springfield since 1976.

The Plaintiff has named as Defendants the Illinois State Library and the Illinois Secretary of State. Defendants Jean Wilkins and Kathleen Bloomberg are, respectively, the library's Director and Associate Director. These Defendants, who will be referred to collectively as the "State Defendants," have filed a motion to dismiss. The Plaintiff is a member of Defendant Illinois Federation of Teachers ("IFT"), of which Jean Reeder is a field representative and Gary Leach is the Director. These Defendants, who will be referred to collectively as the "Union Defendants," have also filed a motion to dismiss.

On March 2, 2005, the Seventh Circuit entered an order affirming in part and vacating in part this Court's order granting the Defendants' previous motions to dismiss. Following the remand on June 3, 2005, this

Court directed the Plaintiff to file an amended complaint consistent with the Seventh Circuit's mandate. The Plaintiff filed a five-count second amended complaint, wherein which she purports to allege violations of 42 U.S.C. § 2000e et seq. ("Title VII"); Title VI; 42 U.S.C. §§ 1981 & 1983; the Americans with Disabilities Act, 42 U.S.C. § 12112 ("ADA"); and the First and Fourteenth Amendments of the United States Constitution.

In recent years, the Plaintiff has filed complaints against some of the same Defendants named in this case. In June 1999, she filed an employment-discrimination suit against the Illinois Secretary of State, the State Library, and several library employees. In February 2002, the Plaintiff filed an action against the same defendants. She also attempted to add various Union defendants. The Plaintiff lost both cases in the district court and appealed.

After consolidating the appeals in the two cases, the Seventh Circuit affirmed both judgments. See Collins v. Norris et al., 2004 WL 1218601, Nos. 02-3614, 02-4124 (7th Cir. May 28, 2004) (unpublished). In the first case, the court held that the Plaintiff did not present enough evidence to

support a jury verdict on her claims of discrimination, retaliation, and hostile work environment under Title VII and 42 U.S.C. §§ 1981 and 1983. Id.  In the second case, the Seventh Circuit upheld this Court's ruling that the Plaintiff's claims were precluded by the judgment against her in the previous case.  Id.

The Plaintiff filed the case sub judice on June 30, 2003.  Some of the allegations in the Plaintiff's amended complaint referred to incidents that have previously been litigated; other claims in the complaint were new.  The Seventh Circuit concluded that this Court erred in dismissing the Plaintiff's amended complaint.  However, that court observed that the Plaintiff "has litigated before and may not relitigate whether she suffered racial discrimination in the suspensions in 1999, the written warning in 2000, and the transfer out of the Library Development Group in 2002."  Collins v. Illinois, 2005 WL 545638 at *3 (7th Cir. March 4, 2005) (unpublished). The court further noted that the Plaintiff may not pursue any Title VII claims against her supervisors in their individual capacities.  Id.

The Seventh Circuit observed that some of the claims in the amended

4

complaint appear to be new:

> She alleges she was suspended for three days in December 2003 in retaliation for filing this suit; given a low score on a performance evaluation (she does not say when), also in retaliation for her complaints of discrimination; assigned duties inappropriate for her position; denied credit for overtime she reported; placed on "proof status" at various times; denied promotional opportunities; punished more severely than other coworkers; and restricted in her use of technical staff. She also alleges that she was transferred from the Library Development Group to Library Operations in March 2003, which at this stage of the litigation we must assume is different from the 2002 transfer that she litigated previously.

Id. at *2. The court observed that various other claims in the amended complaint, particularly some which are directed at the Union Defendants, were definitely new. Id.

The Court directed the Plaintiff to file a second amended complaint which was consistent with the Seventh Circuit's order. That second amended complaint includes five counts. The State Defendants have moved to strike and/or dismiss that complaint. The Union Defendants have also filed a motion to dismiss.

## II. ANALYSIS

### A. Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997). A complaint should not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id.

### B. The Plaintiff's Claims

Previously, the Court noted that the Plaintiff alleges she is proceeding under Title VII, Title VI, sections 1981 and 1983, the ADA, and the First and Fourteenth Amendments to the United States Constitution. It appears that Count One is brought pursuant to Title VII and section 1983 and is directed at each of the Defendants.

Count Two contains allegations which are directed at most of the Defendants and appears to be brought pursuant to section 1981, Title VI, and Title VII; she contends, inter alia, that the Defendants conspired and

6

were in collusion to discriminate and retaliate against her.  Count Two also appears to include a claim pursuant to the First and Fourteenth Amendments which appears to be directed specifically at the Illinois Federation of Public Employees and more generally at the other Defendants.

The Plaintiff alleges that Count Three, wherein she incorporates the allegations of Count One, includes a section 1983 claim for retaliation and various Title VII claims.  Count Three appears to include allegations which are directed at each of the Defendants.

Count Four is brought pursuant to Title VII and appears to include claims of hostile work environment, race discrimination, and retaliation. This count appears to be directed at the State Defendants.

Count Five, which incorporates the allegations of Counts One, Two and Three, is directed primarily at the State Defendants.  There is also an allegation that the Union refused to come to the Plaintiff's aid.  It alleges a claim under the ADA.

C. The State Defendants' Motion

(1) General Arguments

In support of their motion to dismiss, the State Defendants contend that the allegations in the Plaintiff's second amended complaint mirror those she has asserted in previous cases. Specifically, the Plaintiff asserts that since being transferred, she has had many job classification responsibilities and privileges taken away and has been assigned clerical tasks, such as shelving books. Moreover, the Library refused to allow her to attend the meetings of the Illinois Systems and Directors and the Illinois State Library Committee. Finally, the State Defendants note that the Plaintiff claims she was discriminated and/or retaliated against when they: (1) curtailed her travel; (2) did not allow her to perform duties as set forth in her job description; (3) disciplined her more harshly than similarly situated Caucasian employees; (4) gave her verbal and written warnings; (5) did not permit her to use technical staff; (6) gave her a negative performance evaluation; (7) denied her the opportunity to receive overtime or flex time; and (8) placed her on proof status; and imposed a three-day suspension against her, effective December 16-18, 2003.[1]

---

[1]The State Defendants note that the Plaintiff has alleged that all of the time from her three-day suspension was restored to her in April 2004. Accordingly, it does

The State Defendants proffer several reasons as to why they believe the Plaintiff's complaint should be dismissed.  First, they contend that the complaint should be stricken under Federal Rule of Civil Procedure 12(f) because it does not comply with the Court's previous order in that the Plaintiff continues to raise claims which are beyond the scope of the Seventh Circuit's mandate.  Next, the State Defendants assert that the Plaintiff's Title VII claims are time-barred in that they were filed one day after the applicable limitations period.  The State Defendants next allege that allegations in the complaint relating to the denial of overtime, denial of vacation and sick time and the three-day suspension are beyond the scope of the prior EEOC charges.  The State Defendants further contend that the Plaintiff did not obtain a "right-to-sue" letter from the EEOC as to race discrimination claims occurring after March 31, 2003.

Next, the State Defendants assert that the Plaintiff's claims relating to the June 2002 reprimand and denial of overtime are barred by res judicata and collateral estoppel.  They allege that the Plaintiff's ADA and

---

not appear that the Plaintiff suffered any adverse employment action in connection with her December 2003 suspension.

9

sections 1981 and 1983 claims against the State of Illinois, the State Library, and Defendants White, Bloomberg and Wilkins, for acts within their official capacity, are barred by the Eleventh Amendment.  Next, they contend that the Plaintiff's individual capacity claims under section 1981, Title VII, and the ADA against Defendants White, Bloomberg and Wilkins are insufficient as a matter of law because those individuals are not employers.  They assert that the section 1983 claims against Defendant White must be dismissed because the Plaintiff failed to allege sufficient facts to demonstrate that he was personally involved in any alleged constitutional deprivation.  The State Defendants next contend that the Plaintiff's First Amendment claim fails as a matter of law because she does not allege that she spoke out on a matter of public concern.  Finally, these Defendants allege that the Plaintiff has not asserted any protected property or liberty interest under the Fourteenth Amendment, so that claim should also be dismissed.

### (2) Stricken Claims

In the interest of judicial economy, the Court declines to strike the

10

Plaintiff's entire complaint under Rule 12(f). However, those claims which have previously been dismissed or are otherwise in violation of the Seventh Circuit's order will be stricken. While the Plaintiff's second amended complaint is not a model of clarity, there are clearly references to issues which have been resolved such as the 1998 and 1999 suspensions, the 2000 written warning and the 2002 transfer from the library. Those claims are precluded and will be stricken. Additionally, the Plaintiff continues to assert Title VII claims against her supervisors in their individual capacities, despite the Seventh Circuit's admonition that she may not do so. See Collins, 2005 WL 545638 at *3 (citing Sattar v. Motorola, Inc., 138 F.3d 1164, 1168 (7th Cir. 1998)). Those claims will also be stricken.

### (3) Scope of EEOC Charge

The State Defendants also contend that allegations in the complaint relating to the denial of overtime, denial of vacation and sick time, and the three-day suspension--all of which are alleged to have occurred after the Plaintiff received her "right-to-sue letter" on March 31, 2003--are beyond the scope of the prior EEOC charge, which in this case relates to the

Plaintiff's transfer out of the Library Development Group.  The Defendants correctly note that these claims do not appear to be closely related to the EEOC charge.  The Seventh Circuit has adopted a liberal standard for assessing the scope of an EEOC charge, determining claims of discrimination are cognizable that are "like or reasonably related to the allegations of the charge and growing out of such allegations."  <u>Farrell v. Butler University</u>, 421 F.3d 609, 616 (7th Cir. 2005).  In the interest of judicial economy, the Court will give the Plaintiff the benefit of the doubt and consider the claims.

<u>(4) Res Judicata and Collateral Estoppel</u>

The State Defendants next contend that the Plaintiff's claims relating to the June 2002 reprimand and denial of overtime are barred by res judicata and collateral estoppel.  The second amended complaint does refer to the reprimand and denial of overtime in a couple of instances.  However, the State Defendants' argument is factually undeveloped.  They note that this Court entered orders in Case Numbers 01-1150 and 02-3054, wherein the Defendants' motion for summary judgment was granted in the former and their motion to dismiss was granted in the latter based upon the

doctrines of collateral estoppel.  Obviously, any claims that have been adjudicated cannot go forward; however, the State Defendants have failed to establish which claims have been adjudicated in previous actions.

<u>(5) Claims Barred by the Eleventh Amendment</u>

The State Defendants next contend that the Plaintiff's ADA, section 1981 and section 1983 claims against the State of Illinois, the State Library and Defendants White, Bloomberg and Wilkins, for acts within their official capacities, are barred by the Eleventh Amendment.[2]  A suit against a state employee in his or her official capacity is treated as a suit against the State. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985).

Because Title I of the ADA does not abrogate state sovereign immunity, the State is immune from suit in federal court under that statute unless it has consented to such suit.  <u>Takle v. University of Wisconsin Hosp. and Clinics Authority</u>, 402 F.3d 768, 768-769 (7th Cir. 2005) (citing <u>Board</u>

_____

[2]The Eleventh Amendment states, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Despite the language of the Amendment, the Supreme Court has held that "an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974).

of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 360 (2001)).

Section 1981 or 1983 actions against the State are also barred by the

Eleventh Amendment.  Hearne v. Board of Educ. of City of Chicago, 185

F.3d 770, 776 (7th Cir. 1999).

A state's sovereign immunity is not absolute.  There are a couple of

exceptions which are relevant in cases such as this.  Specifically, "a state

may waive the protections of the amendment and consent to suit in federal

court, or Congress may use its enforcement powers under the fourteenth

amendment to abrogate the states' eleventh amendment immunity."  MSA

Realty Corp. v. Illinois, 990 F.2d 288, 291 (7th Cir. 1993).   These

exceptions apply only if the intent to waive or abrogate the immunity is

explicit and unequivocal.  Id.

Illinois has recently waived its sovereign immunity as to ADA actions

filed by state employees in federal court.  See 745 ILCS 5/1.5(d).  However,

this amendment became effective January 1, 2004 and is not retroactive.

See Holliday v. WSIE 88.7 FM Radio Station, 2005 WL 3312633 at *3

(S.D. Ill. Dec. 7, 2005); see also Blalock v. Illinois Dept. of Human Services,

14

349 F. Supp.2d 1093, 1096 (N.D. Ill. 2004).  Accordingly, the Plaintiff's ADA claims against the State and State Defendants acting in their official capacities will be dismissed.

The Plaintiff's section 1983 claims against the State are also barred by the Eleventh Amendment.  Illinois has not waived its sovereign immunity in cases brought pursuant to section 1983.  See Duckworth v. Franzen, 780 F.2d 645, 649 (7th Cir. 1985).  Moreover, the Civil Rights Act did not abrogate a state's sovereign immunity from damage suits.  Id. (citing Owen v. Lash, 682 F.2d 648, 654 (7th Cir. 1982)).  Because section 1983 does not override the traditional sovereign immunity of the state, Will v. Michigan Dept. of State Police, 491 U.S. 58, 67 (1989), the Plaintiff's section 1983 claims against the State and State Defendants acting in their official capacities will be dismissed.

<u>(6) Individual Capacity 1981, Title VII and ADA Claims</u>

The State Defendants next contend that the Plaintiff's claims against White, Bloomberg and Wilkins in their individual capacities are insufficient as a matter of law because those individuals are not employers under section

1981, Title VII or the ADA.  The Court has already stated that the Plaintiff cannot maintain her Title VII claims against those Defendants.  For the same reason, the Plaintiff cannot maintain her ADA claims against those Defendants.  See Silk v. City of Chicago, 194 F.3d 788, 797 n.5 (7th Cir. 1999).

### (7) 1983 Claim against White

The State Defendants next allege that the Plaintiff failed to state a claim upon which relief could be granted against Defendant White under section 1983.  Specifically, Counts Two and Three must be dismissed because the Plaintiff failed to allege sufficient facts demonstrating that White was involved in any alleged constitutional deprivation.  The Seventh Circuit has permitted section 1983 cases to be dismissed on the pleadings when the plaintiff has not alleged that the defendant was personally involved.  See Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 614-15 (7th Cir. 2002).  However, the Seventh Circuit has also observed that the Plaintiff needs only to plead claims for relief.  See Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).

16

The Defendants here emphasize that the complaint includes no allegations that "White was personally involved in any of the numerous events described in the complaint, nor does the complaint suggest, even inferentially, that White directed any of the actions taken against plaintiff, or that the events occurred with the knowledge or consent of White." The complaint need not include these allegations. "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" Doe, 429 F.3d at 708. Federal Rule of Civil Procedure 9(b) does not suggest that the Plaintiff must plead with particularity those items mentioned by the Defendant. Accordingly, the Court declines to dismiss the Plaintiff's section 1983 claim against White.

(8) First Amendment Claim

The State Defendants next assert that the Plaintiff's First Amendment claim fails as a matter of law because she does not allege that she spoke out on a matter of public concern. They note that this claim is not clearly stated or set forth in a separate claim and appears only to be referenced in

17

one place on page two of the complaint.[3]  The Defendants note that the claim is not supported by any facts in the amended complaint and should therefore be stricken.  They further allege that in this case, the Plaintiff was not attempting to bring wrongdoing to light or raise any issues of public concern.  Because the Plaintiff was merely attempting to articulate her private dissatisfaction with the goings-on in the State Library, the Defendants allege that her First Amendment claim, to the extent that it exists at all, should be dismissed.

Like the State Defendants, the Court is uncertain as to whether the Plaintiff is alleging a First Amendment claim.  To the extent that she is asserting such a claim, however, the Court declines to dismiss it given that the Federal Rules of Civil Procedure do not require that a plaintiff plead with particularity that she is speaking out on a matter of public concern.

<u>(9) Fourteenth Amendment Claim</u>

Next, the State Defendants contend that the Plaintiff has not alleged any protected property or liberty interest to support a claim under the

---

[3]There is also a reference to the First Amendment on page thirteen of the amended complaint.

Fourteenth Amendment.  They allege that she has made broad sweeping statements, which are unsupported by the allegations in the complaint, that the Defendants deprived her of her due process rights.  The Plaintiff makes no allegation as to "the source of this so-called property or liberty interest in continued employment" and does not purport to describe what process was required before various employment actions were taken against her.  Accordingly, the State Defendants contend that the Plaintiff's Fourteenth Amendment procedural due process claim is insufficient as a matter of law.

As with the First Amendment claim, the Court is uncertain as to the basis of the Plaintiff's Fourteenth Amendment claim.  However, the Court declines to dismiss that claim at this stage of the litigation.

### D. The Union Defendants' Motion

#### (1) Title VII and ADA Claims against Individuals

The Union Defendants have also filed a motion to dismiss various claims.  First, they request the dismissal of Jean Reeder and Gary Leach as Defendants named in the Plaintiff's Title VII and ADA claims.  Because individual persons cannot be sued under those statutes, Reeder and Leach

19

will be dismissed as Defendants in the Title VII and ADA claims found in Counts One and Five.

### (2) Title VII Claims against IFT

Next, they contend that the claims against Defendant IFT under Title VII (Count One) must be dismissed because the Plaintiff did not attach to her complaint a copy of her charge filed with the EEOC or a "right-to-sue letter" from the EEOC.  However, it appears that a copy of the charge is attached to the State Defendants' motion to dismiss.  Consequently, the Court declines to dismiss the complaint on that basis.

IFT also asserts that events occurring after the filing of the charge cannot be included unless reasonably related to the charge–such as retaliation.  Moreover, the Plaintiff does not link the issues the Seventh Circuit said could be litigated to IFT.  These include: (1) three-day suspension; (2) low scores on performance evaluations; (3) inappropriate assignment of duties; (4) denial of credit for overtime; (5) placement on furnish proof status; (6) denial of promotion; and (7) more severe punishment.

The Court agrees with IFT's assertion that these issues relate to events only an employer could cause. The Plaintiff's complaint establishes that IFT was not her employer; rather, it was a union to which she belonged. Because IFT was not the Plaintiff's employer, the Title VII claims directed against that Defendant in Count One will be dismissed.

### (3) 1981 Claims in Count Two

Next, the Union Defendants request the dismissal of all section 1981 claims (Count Two) asserted against them. They contend that these claims should be dismissed for the following reasons: (1) the Plaintiff simply incorporated the allegations of Count One into Count Two; (2) the Plaintiff does not link the issues the Seventh Circuit said could be litigated to IFT, Leach or Reeder; and (3) these issues relate to events only an employer could cause. The Court agrees it would appear that the Union Defendants have no involvement in the Plaintiff's section 1981 claims. Because these are factual determinations, however, the Court declines to dismiss the claims at this time.

### (4) 1983 Claims in Count Three

21

The Union Defendants next contend that the section 1983 claims asserted against them should also be dismissed.[4]  IFT is a labor union; Leach and Reeder are employees of that union.  These Defendants are private parties, not state entities or state employees.  They further assert that many of the Plaintiff's allegations in Count Three raise the duty of a union to fairly represent members, which the Seventh Circuit has held is not an issue in this case.

"In general, a union is not a state actor."  <u>Messman v. Helmke</u>, 133 F.3d 1042, 1044 (7th Cir. 1998).  However, private actors may be liable under section 1983 if they conspire with state officials.  <u>Davis v. Union Nat. Bank</u>, 46 F.3d 24, 26 (7th Cir. 1994).  Count Three alleges that the Union was in "collusion" with the State Defendants and that the individual Defendants played a major role in these actions.  These allegations must be accepted as true at this stage of the litigation.  Consequently, the Court is unable at this stage to dismiss the claims in Count Three against the Union Defendants.

---

[4]The Union Defendants refer to Count Two; it appears that they intended to refer to Count Three.

22

### (5) Hostile Work Environment Claims in Count Four

Next, the Union Defendants request that the Court dismiss all claims in Count Four. Count Four is listed as a hostile workplace or hostile work environment claim. The Union Defendants note that none of the allegations pertain to them in any way. While Count Four includes a couple of general references to the "Defendants," there do not appear to be any allegations which are specifically directed at the Union Defendants, which makes sense in that the Union Defendants did not employ the Plaintiff. Accordingly, to the extent that Count Four is directed at the Union Defendants, those claims will be dismissed.

### (6) ADA Claims in Count Five

The Union Defendants next request that the Court dismiss all ADA claims asserted against them in Count Five. These Defendants note that the only allegation directed at them in Count Five is a statement on page 32 wherein the Plaintiff claims that the Union refused to come to her aid. They contend this allegation relates to a duty of fair representation. The Seventh Circuit explained to the Plaintiff that the National Labor Relations

Act does not apply to states, and that she may not litigate any claims against the Union Defendants premised on the NLRA because the Act exempts "any State or political subdivision thereof" from its definition of "employer."  See Collins, 2005 WL 545638 at *3 (citing 29 U.S.C. § 152(2)).  Because the Defendants that employed the Plaintiff are units of state government, the collective bargaining agreement and duties of fair representation do not arise under the NLRA.  Accordingly, the ADA claim in Count Five as to the Union Defendants will be dismissed.

<u>(7) Dismissal of All Claims</u>

Finally, the Union Defendants request that the Court dismiss all claims asserted by the Plaintiff against them on the basis that it does not comply with previous Orders of the Court.  Moreover, these Defendants cannot determine what acts the Seventh Circuit could be litigated are in any way linked to them.  The Court agrees that the Plaintiff's second amended complaint is not a model of clarity.  In the interest of judicial economy, however, the Court declines to dismiss the complaint.

## III. CONCLUSION

Based on the foregoing, the State Defendants' motion to dismiss the Plaintiff's second amended complaint will be ALLOWED IN PART and DENIED IN PART.

The motion is DENIED as to their request to strike the complaint in its entirety.  It is DENIED as to their argument that the Title VII claims are time barred.

The motion is DENIED as to their argument that certain allegations are beyond the scope of the prior EEOC charges.  It is DENIED as to the argument that some claims are barred by res judicata and collateral estoppel.

The motion is ALLOWED as to the Plaintiff's ADA and section 1983 claims against the State and individual Defendants for acts within their official capacity.  It is ALLOWED as to the Plaintiff's section 1981, Title VII and ADA claims against White, Bloomberg and Wilkins in their individual capacities.

The motion is DENIED as to the Plaintiff's section 1983 claims against White.  It is DENIED as to the Plaintiff's First Amendment and

25

Fourteenth Amendment claims.

The Union Defendants' motion to dismiss the Plaintiffs' second amended complaint is ALLOWED IN PART and DENIED IN PART.

The motion as to Reeder and Leach to dismiss the Title VII and ADA claims in Counts One and Five is ALLOWED.  It is ALLOWED as to the motion of IFT to dismiss the Title VII claims in Count One.

The motion is DENIED as to the section 1981 claims in Count Two. It is DENIED as to the section 1983 claims in Count Three.  It is ALLOWED as to the claims directed against the Union Defendants in Count Four.

The motion is ALLOWED as to the ADA claims in Count Five.  It is DENIED as to the request to dismiss all claims against the Union Defendants.

Ergo, the motion of the State Defendants to strike and/or dismiss the Plaintiff's second amended complaint [d/e 79] is ALLOWED IN PART and DENIED IN PART, as provided for in this Opinion.  The motion of the Union Defendants to dismiss [d/e 85] is ALLOWED IN PART and

DENIED IN PART, as provided for in this opinion.  The parties are directed to contact United States Magistrate Judge Charles H. Evans for the purpose of scheduling a discovery conference.

ENTER:  January 27, 2006

FOR THE COURT:

s/Richard Mills
United States District Judge