IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARGARET J. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 03-3159 |
| ) | |
| STATE OF ILLINOIS; ILLINOIS ) | |
| SECRETARY OF STATE AND STATE ) | |
| LIBRARIAN, JESSE WHITE; ILLINOIS ) | |
| STATE LIBRARY; JEAN WILKINS, ) | |
| Director of Illinois State Library, ) | |
| Individually and Professionally; ) | |
| KATHLEEN BLOOMBERG, Associate ) | |
| Director of Illinois State Library, ) | |
| Individually and Professionally; ILLINOIS ) | |
| FEDERATION OF TEACHERS; JEAN ) | |
| REEDER; and GARY LEACH, ) | |
| ) | |
| Defendants. ) | |

<u>OPINION</u>

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the motion of some Defendants to strike and/or dismiss the Plaintiff's third amended complaint or for a more definite statement.

1

I. BACKGROUND

The motion before the Court is brought by Defendants State of Illinois, Illinois State Library, Illinois Secretary of State, Jesse White, Jean Wilkins, and Kathy Bloomberg. Plaintiff Margaret Collins is an African-American employee of the Illinois State Library, which is a Department of the Secretary of State. The Illinois Secretary of State is Jesse White. Jean Wilkins is the library's Director; Kathleen Bloomberg is its Associate Director. The Plaintiff is a member of Union Defendant, the Illinois Federation of Teachers, of which Union Defendant Jean Reeder is a field representative and Union Defendant Gary Leach is the Director.

The State Defendants' motion was filed on September 19, 2006. Although the Plaintiff requested and was given an extension of time until November 24, 2006 in which to file a response to the motion, she did not file a response.

In an Order dated March 4, 2005, the United States Court of Appeals for the Seventh Circuit remanded this case for consideration of the following claims asserted by the Plaintiff: (1) her three-day suspension in December

2003; (2) low scores on performance evaluations; (3) assignment of duties which were inappropriate for her position; (4) denial of credit for overtime; (5) placement on proof status at various times; (6) denial of promotional opportunities; (7) receipt of punishment more severe than similarly situated co-workers; and (8) restricted use of technical staff. This Court directed the Plaintiff to file an amended complaint consistent with the Seventh Circuit's mandate. The Plaintiff then filed a five-count second amended complaint wherein she alleged violations of 42 U.S.C. § 2000e et seq. (Title VII); Title VI; 42 U.S.C. §§ 1981, 1983; the Americans with Disabilities Act (ADA); and the First and Fourteenth Amendments of the United States Constitution.

The State Defendants note that, more specifically, the Plaintiff has alleged that since being transferred, she had many of her job classification responsibilities and privileges taken away from her and was assigned some clerical tasks, such as shelving books. Moreover, the Plaintiff contends that the Library refused to allow her to attend the meetings of the Illinois Systems and Directors and the Illinois State Library Committee. Finally,

the Plaintiff claims that the Defendants discriminated and/or retaliated against her by (1) curtailing her travel; (2) not allowing her to perform duties as set forth in her job description; (3) disciplining her more harshly than similarly situated Caucasian employees; (4) giving her verbal and written warnings; (5) not permitting her to use technical staff; (6) giving her a negative performance evaluation; (7) denying her the opportunity to receive overtime or flex time; (8) placing her on proof status; and (9) imposing a three-day suspension against her, effective December 16-18, 2003.[1]

The State Defendants note that in an Order entered on January 27, 2006, this Court granted in part their previous motion to dismiss. Specifically, the Court struck claims related to the 1998 and 1999 suspensions, the 2000 written warning, the 2002 transfer from the library, the Title VII claims against her supervisors in their individual capacities, the ADA claims, and the section 1983 claims against the State.

---

[1] The Defendants note that the Plaintiff has alleged that all of the time from her three-day suspension was restored to her in April 2004. Thus, it does not appear that she suffered an adverse employment action in connection with the suspension.

On August 4, 2006, the Plaintiff was granted leave to file an "Amended Complaint joining the Local Labor Union and the National Labor Union." The State Defendants assert that the Plaintiff's third amended complaint re-alleges all of the allegations in the second amended complaint, including those that were struck by the Court's January 27, 2006 Order. The Plaintiff also added several new allegations against the State Defendants, including that her daughter was not permitted to use the Patent Trademark Deposition Library, that Plaintiff frequently misses breaks, and that Plaintiff was interviewed by an SOS police officer.

## II. ANALYSIS

### (A)

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997). A complaint should not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. (citations

omitted). A plaintiff basically needs only to plead claims for relief. See <u>Doe v. Smith</u>, 429 F.3d 706, 708 (7th Cir. 2005). "[F]actual details and legal arguments come later." <u>Id.</u>

(B)

The State Defendants articulate several reasons why the Plaintiff's complaint should be dismissed or stricken. <u>First</u>, they claim that the complaint should be stricken in its entirety because the Plaintiff continues to improperly raise claims which are beyond the scope of the Seventh Circuit's mandate and have been stricken by the Court, and the Court has not granted her leave to add new allegations. <u>Second</u>, the State Defendants allege that the Plaintiff's Title VII claims are time-barred, an assertion that the Court has already rejected. <u>Third</u>, the State Defendants contend that allegations in the subject complaint relating to denial of overtime, denial of vacation and sick time, the three-day suspension, the Plaintiff's daughter's access to the library, and the interview by the SOS police are beyond the scope of the prior EEOC charges. <u>Fourth</u>, the Plaintiff failed to obtain a right-to-sue letter from the EEOC with respect to race discrimination claims

6

occurring after March 31, 2003.  <u>Fifth</u>, the Plaintiff's claims relating to the June 2002 reprimand and denial of overtime are barred by res judicata and collateral estoppel.  <u>Sixth</u>, the Plaintiff's ADA, section 1981 and section 1983 claims against the State of Illinois, the State Library, and Defendants White, Bloomberg and Wilkins for acts within their official capacity are barred by the Eleventh Amendment.  <u>Seventh</u>, Plaintiff's claims against Defendants White, Bloomberg and Wilkins are insufficient as a matter of law because those individuals are not employers under section 1981, Title VII or the ADA.  <u>Eighth</u>, the Plaintiff failed to state a claim in which relief could be granted against Defendant White under section 1983.  <u>Ninth</u>, the Plaintiff's First Amendment claim fails as a matter of law because she does not allege that she spoke out on a matter of public concern.  <u>Tenth</u>, the Plaintiff has not alleged any protected property or liberty interest under the Fourteenth Amendment.

The Defendants also allege that the Plaintiff has not complied with Federal Rules of Civil Procedure 8(a) or 10(b), and that the complaint should be dismissed for those reasons.  Finally, the Defendants request that

the Court order the Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) if the third amended complaint is not dismissed in its entirety.

The Court will strike any claims which go beyond the scope of the Seventh Circuit's order on remand, which are time-barred, or which have previously been stricken. These allegations include claims relating to suspensions in 1997, 1998, and 1999; written warnings received in 2000; and the 2002 transfer from the library. Any Title VII actions against the Plaintiff's supervisors in their official capacities will also be stricken. Additionally, the Court will strike any allegations against the State Defendants that the Plaintiff has raised without obtaining leave of Court.

The State Defendants allege that the Plaintiff's Title VII claims are time barred. The Court previously denied their motion to dismiss on this basis.

The State Defendants next allege that allegations in the complaint relating to the denial of overtime, denial of vacation and sick time, the three-day suspension, the Plaintiff's daughter's access to the library, and the

interview by the SOS police are beyond the scope of the prior EEOC charges. Once again, the State Defendants have made this argument as to some of these allegations and the Court stated, "In the interest of judicial economy, the Court will give the Plaintiff the benefit of the doubt and consider the claims." The Court adheres to its ruling as to the allegations pertaining to the denial of overtime, vacation and sick time and the three-day suspension. The Court agrees that the allegations pertaining to the Plaintiff's daughter's access to the library and the interview with the SOS police are beyond the scope of the prior EEOC charge and are hereby stricken.

    The State Defendants next argue that the Plaintiff's claims relating to her June 2002 reprimand and denial of overtime are barred by res judicata and collateral estoppel. They allege that because the Plaintiff could and should have raised the allegations regarding the June 2002 reprimand and the alleged denial of overtime as part of the prior suits, she should be barred from litigating those issues in this case. It appears, however, that those cases, which commenced in 2001 and in February 2002, pre-date the

allegations pertaining to the reprimand and denial of overtime.

The Court previously dismissed as barred by the Eleventh Amendment the Plaintiff's ADA, section 1981 and section 1983 claims against the State Defendants for acts within their official capacity. Also dismissed were the Plaintiff's individual capacity claims under section 1981, Title VII and the ADA against White, Bloomberg and Williams. The Plaintiff reasserted these claims in her third amended complaint. They will be dismissed for the same reason as before.

The State Defendants again argue that the following claims must be dismissed: (1) the section 1983 claim against Defendant White; (2) the Plaintiff's First Amendment claim; and (3) the Plaintiff's Fourteenth Amendment procedural due process claim. The Court refers the State Defendants to the Order entered on January 27, 2006, which addressed those arguments.

(C)

Next, the State Defendants contend that the Plaintiff has not complied with Federal Rule of Civil Procedure 8(a), which requires a claim

for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," or Federal Rule of Civil Procedure 10(b), which states in pertinent part, "All averments of claim or defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." The State Defendants note that the Court has stated it is difficult at times to ascertain precisely what the Plaintiff purports to allege, including whether she is bringing claims pursuant to the First and Fourteenth Amendments. For the same reason, the State Defendants assert that the third amended complaint does not put them on notice of the claims against them and does not allow the Defendants to formulate an answer or prepare a defense.[2]

The State Defendants request that if the complaint is not dismissed in its entirety, that the Plaintiff be ordered to provide a more definite

---

[2] The Defendants note that the third amended complaint contains ten numbered paragraphs, six of which appear on page three. Many of these numbered paragraphs consist of numerous pages of allegations which are not limited to a single set of circumstances. This serves to make it extremely difficult for the Defendants to formulate an answer to the allegations.

11

statement pursuant to Federal Rule of Civil Procedure 12(e).[3]  The Defendants allege that based on Rule 12(e), they are at least entitled to a statement that informs them of what claims the Plaintiff is bringing and which claims are brought against which Defendants.  The State Defendants claim that such a statement would be in the interests of judicial economy in that it would allow the Defendants to develop a meaningful answer and would make it clear to the parties and the Court precisely what issues are involved in the case.

In its January 27, 2006 order, the Court noted that like the Defendants, it was somewhat confused at times as to precisely what claims the Plaintiff was alleging in her second amended complaint.  Because the Plaintiff's third amended complaint is similar to her second amended complaint, the confusion remains.  The Court hoped that the discovery process might help to eliminate some of this confusion, but that has not

---

[3]Rule 12(e) provides in pertinent part, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

occurred.[4]

Because the Defendants are entitled to be placed on notice of the allegations against them, the Court will allow their motion for a more definite statement. Hopefully, this will serve to clarify precisely what issues are involved in this case, and this case can then proceed.

Ergo, the motion of Defendants State of Illinois, Illinois State Library, Illinois Secretary of State, Jesse White, Jean Wilkins and Kathy Bloomberg to strike and/or dismiss the Plaintiff's third amended complaint [d/e 140] is ALLOWED IN PART.  The motion is ALLOWED as to claims relating to suspensions in 1997, 1998, and 1999; written warnings received in 2000; the 2002 transfer from the library; any Title VII actions against the Plaintiff's supervisors in their official capacities; any new allegations that the Plaintiff has raised without obtaining leave of Court, such as those pertaining to the Plaintiff's daughter's access to the library and the interview with the SOS police; the Plaintiff's ADA, section 1981 and section 1983

---

[4]The Court notes that after the Plaintiff allegedly failed to answer several interrogatories, the State Defendants filed a motion to compel responses to interrogatories.  That motion remains pending.

claims against the State Defendants for acts within their official capacity; and her individual capacity claims under section 1981, Title VII and the ADA against White, Bloomberg and Williams.

The motion for a more definite statement [d/e 140] is ALLOWED. The Plaintiff is DIRECTED to file by January 12, 2007 an amended complaint. The amended complaint will not include claims which have been dismissed or stricken or which were adjudicated in previous cases. The amended complaint will specify which claims are directed at which Defendants. The failure to comply may result in the dismissal of the claims against the State Defendants.

ENTER: December 8, 2006

        FOR THE COURT:

                s/Richard Mills
                United States District Judge