IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MARGARET J. COLLINS,              )
                                  )
     Plaintiff,              )
                                  )
vs.                               )     No. 03-3159
                                  )
STATE OF ILLINOIS; ILLINOIS       )
SECRETARY OF STATE AND STATE      )
LIBRARIAN, JESSE WHITE; ILLINOIS  )
STATE LIBRARY; JEAN WILKINS,      )
Director of Illinois State Library, )
Individually and Professionally;  )
KATHLEEN BLOOMBERG, Associate     )
Director of Illinois State Library, )
Individually and Professionally; ILLINOIS )
FEDERATION OF TEACHERS; JEAN      )
REEDER; and GARY LEACH,           )
                                  )
     Defendants.             )

OPINION

RICHARD MILLS, U.S. District Judge:

On January 12, 2007, the Plaintiff filed her fourth amended complaint. Pending before the Court are several motions.

1

(1)

Defendant Jesse White, Secretary of State and the State Librarian for the State of Illinois, has moved to strike portions of the Plaintiff's fourth amended complaint. The Defendant alleges that paragraphs 1, 2 and 9 of the fourth amended complaint seek to recover for damages caused by the 2002 transfer of Plaintiff from the library. Claims related to this transfer have been dismissed by this Court, and that dismissal was affirmed in the Seventh Circuit's Order of March 4, 2005. In her response to the motion the Plaintiff states, "It is clear that these Pleadings are directed at the Union Defendants." Thus, the Plaintiff has acknowledged that none of these paragraphs are directed at any of the State Defendants.

The Defendant also alleges that paragraphs 4 and 13 raise new allegations that are outside the scope of the Seventh Circuit's order on remand. Paragraph 4 states:

> Defendant State of Illinois and Illinois Secretary of State took Plaintiff double time her salary life insurance policy away from Plaintiff after Plaintiff injured her back while driving back from an authorized East St. Louis trip on February 23, 2002. Plaintiff doesn't believe that comparatives have lost this benefit due to work related injury.

2

> Defendant was forced to move her office when she returned to work from her February 23, 2002 back injury on [sic] thus reinsured [sic] her back on April 10, 2002.

As the Defendant notes, it does not appear that the Plaintiff has raised this allegation previously.  The Plaintiff does not even assert that she has raised the allegation.  She states only that the claim occurred during the time frame of the complaint and is clearly within its scope.  Because Plaintiff did not receive leave of court to add this allegation, the Court will strike paragraph 4 of her fourth amended complaint.

Paragraph 13 states, "On March 6, 2003, Plaintiff, Pro Se, Margaret Collins was forced to go without lunch because she had a patron and no one to replace her for lunch or break."  The Defendant notes that the Plaintiff's third amended complaint included allegations about missing break times. Once again, the Plaintiff claims this occurred during the time frame and is within the scope of the complaint.  Because the allegation goes beyond the scope of the Seventh Circuit's order on remand and because it previously has been stricken when Plaintiff did not obtain permission, the Court will strike paragraph 13 of the Plaintiff's fourth amended complaint.

3

(2)

State Defendants Jean Wilkins and Kathy Bloomberg have also moved to dismiss the Plaintiff's fourth amended complaint.  Wilkins and Bloomberg are, respectively, the Illinois State Library's Director and Associate Director.  These Defendants are Plaintiff's supervisors, but are not employers for purposes of Title VII.  In support of their motion, the Defendants note that Plaintiff's fourth amended complaint consists of a single count brought under Title VII.  Because the claims against these Defendants in their official capacities are identical to the claims against the Illinois Secretary of State and State Library, the proper Defendant for purposes of Title VII, Wilkins and Bloomberg request that the claims against them in their official capacities be dismissed with prejudice.

The Defendants acknowledge that although the Plaintiff's fourth amended complaint contains only one specific count made pursuant to Title VII, Plaintiff does make references to 42 U.S.C. §§ 1981 and 1983, and the First and Fourteenth Amendments.  However, she does not indicate which claims are directed at which Defendants, in violation of the Court's previous

4

order.  The Defendants request that these claims be stricken on that basis. In the alternative, to the extent that the claims against them are not dismissed in their entirety, Wilkins and Bloomberg request the same relief as the Illinois Secretary of State and Librarian–that paragraphs 1, 2, 4, 9 and 13 be stricken.

The Plaintiff cannot maintain Title VII claims against her supervisors. To the extent that Plaintiff's fourth amended complaint alleges Title VII claims against Wilkins and Bloomberg, those claims are stricken.  Given that the complaint at least mentioned sections 1981 and 1983, however, in deference to the Plaintiff's pro se status, the Court declines to strike those additional claims–even though Plaintiff violated the Court's previous order by failing to specify which claims are directed at which Defendants.  At some point, this case has to move forward.  However, the Court will strike paragraphs 1, 2, 4, 9 and 13 in the fourth amended complaint, to the extent those claims are directed at the State Defendants.

(3)

On December 21, 2006, the Plaintiff filed a motion to clarify the

record and a motion for an extension of time.  It appears that much of the relief she requests is now moot.  Pursuant to the Court's previous order, the Plaintiff filed her fourth amended complaint on January 12, 2007.  Thus, her motion to clarify the record is now moot.  The Plaintiff also requests an extension until after February 12, 2007 to respond to discovery requests.

In response to the request for an extension regarding discovery requests, the Union Defendants note that on September 12, 2006, the Court granted Defendant Illinois Federation of Teachers' motion to serve requests to produce instanter.   That motion dealt with the Union Defendants' request to Plaintiff to produce the documents referred to in her original Rule 26 disclosures, a request which was made by letter on July 13, 2006.  The Union Defendants note that Plaintiff informed counsel she would produce those documents by August 7, 2006.  The Union Defendants request that the Plaintiff be ordered to provide those documents immediately and that her motion for an extension of time be denied.

The Plaintiff's motion to clarify the record and her motion for an extension of time to respond until after February 12, 2007 are DENIED AS

MOOT.  The Plaintiff will have 30 days to respond to any pending discovery requests.

(4)

On October 10, 2006, the State Defendants filed a motion to compel, wherein they allege that the Plaintiff's answers to their interrogatories were incomplete.  Moreover, the Plaintiff failed to respond to the State Defendants' requests to produce.  It is unclear whether the Plaintiff ever complied with the Defendants' discovery requests.

The motion to compel will be ALLOWED, to the extent that the Plaintiff is Directed to respond to any discovery requests within 30 days, consistent with Rules 33(b)(3) and 34(b) of the Federal Rules of Civil Procedure.

Ergo, the motion of the State Defendants to compel responses to interrogatories [d/e 143] is ALLOWED, to the extent that the Plaintiff is Directed to respond to any discovery requests within 30 days.  The Plaintiff's motion to clarify the record [d/e 148] is DENIED AS MOOT and her motion for an extension of time to file a response  to the discovery

requests [d/e 148] is ALLOWED, to the extent that she has 30 days to respond to any pending discovery requests.  The motion of Defendant Jesse White, Secretary of State and State Librarian for the State of Illinois, to strike portions of the Plaintiff's fourth amended complaint [d/e 159] is ALLOWED.  To the extent that paragraphs 1, 2, 4, 9 and 13 are directed at the State Defendants, those claims are STRICKEN.  The motion of Defendants Jean Wilkins and Kathy Bloomberg to dismiss the Plaintiff's fourth amended complaint [d/e 161] is ALLOWED IN PART.  To the extent that the complaint alleges Title VII claims against these Defendants, those claims are STRICKEN.  To the extent that paragraphs 1, 2, 4, 9 and 13 are directed against these Defendants, those claims are STRICKEN.

IT IS SO ORDERED.

ENTER: March 26, 2007

FOR THE COURT:

s/Richard Mills
United States District Judge

8