IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARGARET J. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 03-3159 |
| ) | |
| STATE OF ILLINOIS; ILLINOIS ) | |
| SECRETARY OF STATE AND STATE ) | |
| LIBRARIAN, JESSE WHITE; ILLINOIS ) | |
| STATE LIBRARY; JEAN WILKINS, ) | |
| Director of Illinois State Library, ) | |
| Individually and Professionally; ) | |
| KATHLEEN BLOOMBERG, Associate ) | |
| Director of Illinois State Library, ) | |
| Individually and Professionally; ILLINOIS ) | |
| FEDERATION OF TEACHERS; ) | |
| ILLINOIS FEDERATION OF PUBLIC ) | |
| EMPLOYEES, Local 4408, AFT, AFL-CIO; ) | |
| JEAN REEDER; and GARY LEACH, ) | |
| ) | |
| Defendants. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

All of the Defendants have filed a joint motion for judgment and sanctions.

Also pending: Plaintiff's three motions (for a protective order, to strike

the Defendants' joint motion for judgment and sanctions, and to deny Greg McCormick and all non-parties from attending depositions), and the Defendants' joint motion to extend the dispositive motion deadline.

The Defendants' joint motion for judgment and sanctions will be allowed. The Court finds that this is appropriate following the Plaintiff's decision not to proceed with her own deposition, which was only her latest abuse of the discovery process. The record shows that Plaintiff had no legitimate reason for walking out on her deposition. Moreover, despite the Defendants' efforts to resolve the matter by contacting the magistrate judge, the Plaintiff was unwilling to discuss or attempt to resolve whatever objections with the deposition process she claimed to have. Because this was not an isolated instance, the Court concludes that dismissal is warranted.

I.

In support of their joint motion for judgment and for sanctions, the Defendants state first that counsel for the State Defendants (Assistant Attorney General Thomas H. Klein) originally noticed the Plaintiff's

deposition for August 28, 2007, at 10:00 a.m. On August 20, 2007, the Plaintiff left a phone message for Attorney Klein that she would be available for her deposition on August 21, 2007 or on August 31, 2007. Because counsel for the Union Defendants (Attorney Mary Lee Leahy) was not available on August 31, Attorney Klein attempted repeatedly to talk to Plaintiff by phone on August 20 to confirm her deposition for August 21 at 10:00 a.m. He was unable to reach her or leave a message at the phone number she had left.

The Defendants claim that on August 20, 2007, Attorney Klein had a notice of deposition personally delivered at the Plaintiff's residence. The notice set the Plaintiff's deposition for August 21 at 10:00 a.m., at Attorney Leahy's office, 308 East Canedy, Springfield, IL.

On August 21, 2007, at 10:00 a.m., the following persons appeared for the deposition: Attorney Klein, Defendant Kathleen Bloomberg, Greg McCormick on behalf of the Secretary of State, Attorney Leahy, Defendant Jean Reeder and the court reporter. Shortly after 10:00 a.m., the Plaintiff phoned Leahy Law Offices and informed Attorney Klein that she was

3

waiting for a taxi. At approximately 10:25, the Plaintiff arrived at the law office.

After she arrived, the Plaintiff refused to give her deposition because some of the Defendants were present. The Plaintiff stated that the only people she would allow to be present for her deposition were Attorney Klein and Attorney Leahy. Attorney Klein explained to the Plaintiff that the Defendants and a representative of the Secretary of State's Office had the right to be present at her deposition. The Plaintiff still refused to give her deposition.

The Defendants allege that after the Plaintiff's initial refusal, Attorney Leahy told the Plaintiff that she would call the magistrate judge in an attempt to solve the problem. As Attorney Leahy was getting the magistrate judge's phone number before placing a call on the speaker phone so that Plaintiff could participate, the Plaintiff said that she was leaving and that she would not give her deposition under these circumstances. Attorney Klein stated again to the Plaintiff that they were contacting the magistrate judge so the issue could be addressed with the Court. The Plaintiff again

4

stated she was leaving and that she would not proceed with the deposition. The Plaintiff then left.

In support of their motion, the Defendants note that under the Federal Rules of Civil Procedure, they have a right to take the Plaintiff's deposition. Moreover, the Defendants have a right to be present at Plaintiff's deposition because counsel may need their assistance during the deposition. Federal Rule of Civil Procedure 37(d) states that "if a party . . . fails to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) or subdivision (b)(2) of this rule." Rule 37(b)(2)(C) states that a court may enter "[a]n order . . . rendering a judgment by default against the disobedient party." The Defendants state that the failure of the Plaintiff to give her deposition was willful. Moreover, it is extraordinarily difficult, if not impossible, to defend this case without being certain of her claims–especially given the vagueness of Plaintiff's complaint; therefore, her

stated she was leaving and that she would not proceed with the deposition. The Plaintiff then left.

In support of their motion, the Defendants note that under the Federal Rules of Civil Procedure, they have a right to take the Plaintiff's deposition. Moreover, the Defendants have a right to be present at Plaintiff's deposition because counsel may need their assistance during the deposition. Federal Rule of Civil Procedure 37(d) states that "if a party . . . fails to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) or subdivision (b)(2) of this rule." Rule 37(b)(2)(C) states that a court may enter "[a]n order . . . rendering a judgment by default against the disobedient party." The Defendants state that the failure of the Plaintiff to give her deposition was willful. Moreover, it is extraordinarily difficult, if not impossible, to defend this case without being certain of her claims–especially given the vagueness of Plaintiff's complaint; therefore, her

deposition was necessary in order to proceed with the case.

## II.

The Plaintiff did not file a proper response to the Defendants' joint motion for judgment and for sanctions. She did, however, file a motion to deny Greg McCormick's [sic] and all non-parties from attending depositions and to deny and strike the Defendants' joint motion. This motion provides her account of the events which serve as the basis for the Defendants' joint motion. The Plaintiff claims that the Defendants waited until she was beginning her vacation before they decided to schedule a deposition and inquire as to whether she planned to conduct discovery. She asserts that Defendant Bloomberg (who knew she was going on vacation) and her attorney "contrived a scheme" to get an extension of the discovery period under the pretense of lack of cooperation from Plaintiff by calling Plaintiff at her office at the end of the day before she began her vacation. She contends this was not adequate notice for an August 15, 2007 deposition.

The Plaintiff alleges that on August 15, 2007 at approximately 10 a.m., Plaintiff's daughter signed for a UPS delivery from Attorney Klein.

She continued on her vacation as this was not adequate notice under Federal Rule of Civil Procedure 30(b)(1), according to the Plaintiff. The Plaintiff states that when she returned to Springfield on August 19, she found a stamped notice for deposition on August 28, 2007. On August 20, the Plaintiff contacted Attorney Klein to offer August 21 at 10 a.m., or August 31 at 1 p.m. for the deposition. Attorney Klein scheduled the deposition for August 21. The Plaintiff received in her mailbox a hand-delivered letter which gave notice of the deposition at 10 a.m. on August 21.

The Plaintiff claims that when her taxi did not show up on time on August 21, she called Attorney Klein to tell him she would be there as soon as the taxi arrived. The Plaintiff arrived at Leahy Law Offices at approximately 10:15 a.m. As she got out of the taxi, the Plaintiff noticed two Springfield policemen sitting in a police car in front of the office. The Plaintiff says that the following individuals were present in the office: non-party Greg McCormick, Defendant Kathy Bloomberg, and a court reporter.[1]

---

[1]In her motion for a protective order, the Plaintiff requests that the court reporter not be from Golembeck Reporting Service. She does not say why a court reporter from Golembeck is unacceptable to her. As the Defendants note, moreover, Defense Counsel are entitled to select the court reporter when they are conducting

She states that Attorney Leahy and Jean Reeder came from an adjoining room. The Plaintiff alleges that she informed the others that this was not a hearing, but a deposition. Moreover, because she was not advised that non-parties would be present, the Plaintiff walked out.

The Plaintiff alleges that the two policemen were still sitting in front of the office when she walked out. She states that although she has been to Attorney Leahy's office on many occasions, this was the first time a policeman was sitting out front. The Plaintiff does not specifically say why this seemingly unremarkable occurrence has any relevance to this case. She seems to suggest that the policemen were present to intimidate and harass her. The Plaintiff does not say why their presence in a parked car would have that effect.

The Plaintiff says that no notice was given that Greg McCormick would be present. She further says that McCormick's mother is an employee of the U.S. Attorney's office and has worked with the Judges on this Court. The Plaintiff claims that McCormick's presence serves to

---

the deposition.

"intimidate, harass, and distract" Plaintiff and that he should be excluded under Rule 26(c)(5) from attending her deposition.

### III.

In their response to the Plaintiff's motion, the State Defendants allege that Greg McCormick is the head of personnel for the Illinois State Library, a Defendant in this case. He was present as a party representative. Moreover, the Federal Rules of Civil Procedure do not require that notice be given of every individual who will be present during the deposition. The State Defendants add that McCormick's presence was necessary because he is very familiar with the rules and policies of the Illinois State Library. They believed his insight could be helpful if Plaintiff misstated the rules and policies at her deposition, as they say she has done on previous occasions.

The State Defendants dispute many of the Plaintiff's other assertions. Specifically, the August 10, 2007 phone call was not part of any scheme; it was an attempt to complete discovery within the time period or to reach an agreement to request an extension of the discovery period. The State Defendants allege that when Plaintiff did not appear for the August 15,

9

2007 deposition, the Defendants sought and received an extension of the discovery period.

They further allege the Plaintiff neglects to point out that, in addition to the oral notice she received on August 10, 2007, a written notice of deposition was hand-delivered to her address on August 13. That notice included a letter asking Plaintiff to contact counsel if she needed to reschedule the deposition. She neither called counsel nor attended the deposition. As the State Defendants assert, it would appear that Plaintiff was available to be deposed at 10:00 a.m. on August 15, 2007, given her admission that she was at home at that time on that date, when UPS delivered the notice that was supposed to be delivered on August 11, 2007. They note, therefore, that despite being available, and despite having received oral notice on August 10 and written notice on August 13, the Plaintiff did not attend the deposition or contact counsel to say that she would not attend.

The State Defendants allege that although the August 21 date was short notice, they agreed to conduct the deposition on that date rather than

August 28 because it was apparently more convenient to Plaintiff. Because the Plaintiff did not say she would be available for deposition on August 21 until August 20, the only way to get notice to her was by hand delivery.

The State Defendants further assert that when the Plaintiff arrived for her deposition, her objection was not limited to Greg McCormick being present. The Plaintiff stated she would not proceed with the deposition with anyone present other than the two attorneys. It was only when the Plaintiff filed her motion for protective order the following day that she limited her objection to McCormick.

Before the Plaintiff abruptly left Attorney Leahy's office, it was explained to her by both attorneys that Attorney Leahy was attempting to get the magistrate judge on the speaker phone so that the issue could be addressed with the Court. The State Defendants allege that if the Plaintiff truly believed she had a good faith objection to the way the deposition was being conducted, she would not have left. The fact that Plaintiff left before the magistrate judge could be contacted demonstrates that she knew she did not have a good faith objection but simply did not want to be deposed. The

Defendants contend that it is this willful and intentional disruption of the discovery process that makes it appropriate for judgment to be entered in their favor.

IV.

This is not the first time that the Plaintiff has failed to comply with discovery requests. On October 10, 2006, the State Defendants filed a motion to compel, wherein they alleged that Plaintiff's answers to their interrogatories were incomplete and that Plaintiff failed to respond to their requests to produce. The Court granted the Defendants' motion to compel, to the extent that Plaintiff was given thirty days to respond to the pending discovery requests. According to a later motion to extend discovery filed by the State Defendants, the Plaintiff did not respond to Defendants' interrogatories until nearly one year after they were served.

Because of her pro se status, the Court has attempted to accommodate the Plaintiff on previous occasions. Moreover, the Court has extended deadlines at times because of illness or other reasons. Because of the Plaintiff's conduct on August 21, 2007, the Court finds that the entry of

judgment in favor of the Defendants is appropriate.

The Plaintiff's conduct was willful and egregious. The Court recognizes that the Plaintiff may not have the familiarity with the Federal Rules of Civil Procedure, and specifically the rules pertaining to discovery, as a licensed attorney. However, the Plaintiff was informed that the individuals who were present were entitled to be there. The Plaintiff's decision to leave before the magistrate judge could be contacted to address the problem demonstrates to the Court that Plaintiff had no intention of proceeding with the deposition. Based on the Plaintiff's statement about the police officers sitting in a parked car and her baseless objection to the court reporter, the Court can only conclude that the Plaintiff was looking for a reason to avoid being deposed.

Because the Plaintiff failed to appear for her deposition after receiving proper notice, as provided in Rule 37(d)(1), the Court will enter "[a]n order . . . rendering a judgment by default against the disobedient party." See Fed. R. Civ. P. 37(b)(2)(C). The Seventh Circuit has observed:

> A plaintiff's failure to comply with discovery orders is properly sanctioned by dismissal of the suit, a defendant's by entry of a

>default judgment. Of course, the circumstances of the failure must be considered, because the judge must be guided by the norm or proportionality that guides all judicial applications of sanctions. . . . If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal . . . would be an excessively severe sanction. . . . But as soon as a pattern of noncompliance with the court's discovery orders emerges, the judge is entitled to act with swift decision.

Newman v. Metropolitan Pier & Exposition Authority, 962 F.2d 589, 591 (7th Cir. 1992). Given the willfulness of the Plaintiff's actions regarding the deposition and based on the fact that this was not the first time that she failed to comply with the discovery rules, the Court finds that the entry of judgment in favor of the Defendants is appropriate. Pursuant to Rule 37(b), the Court will also order the Plaintiff to pay the Defendants' fees and costs incurred in preparing for the taking of the Plaintiff's deposition.

Ergo, the Defendants' joint motion for judgment and for sanctions is ALLOWED. All other motions are DENIED AS MOOT. The Clerk will enter judgment in favor of the Defendants and against the Plaintiff. The Plaintiff is also Ordered to pay the costs and fees incurred in preparing for the taking of the Plaintiff's deposition on August 21, 2007, including their

time and costs incurred on that day.

This case is closed.

IT IS SO ORDERED.

ENTER: September 19, 2007

                        FOR THE COURT:

                                      s/Richard Mills
                                      United States District Judge